UNITED STATES DISTRICT COURT DISTRICT

DISTRICT OF NEW JERSEY

TRENTON DIVISION

| | |
|---|---|
| **SHAHEED BROWN,** *individually and on behalf of all others similarly situated,* | No._____ |
| Plaintiffs, | CIVIL ACTION |
| vs. | |
| **GURBIR GREWAL, Attorney General of New Jersey, HON. GLENN A. GRANT, Acting Administrative Director of the AOC, HON. PETER E. WARSHAW, Presiding Criminal Judge, Mercer County and JOHN DOE 1-10;** | |
| Defendants. | |

**COMPLAINT**

I.   INTRODUCTION

Plaintiff Shaheed Brown, on behalf of himself and all others similarly situated, (collectively "Plaintiffs"), bring this action against Defendants Gurbir Grewal, Glenn A. Grant, Peter E. Warshaw (collectively "Defendants"), and allege the following:

**PRELIMINARY STATEMENT**

1.    Plaintiff, Shaheed Brown stands accused but un-convicted of a crime. Pursuant to the Sixth Amendment of the United States Constitution and Article 1, ¶10 of the New Jersey State Constitution, Plaintiffs are entitled to a speedy trial;

2.    Plaintiffs are also entitled to equal protection under the law pursuant to the Fourteenth Amendment of the United States Constitution;

3.    Plaintiff, Shaheed Brown has been incarcerated in the Mercer County Correctional Center since August 2014;

4.    A cash bail was set at $1,000,000.00;

5.    Plaintiff, Shaheed Brown cannot afford to post bail and as a result has remained in the custody of the Mercer County Correctional Center but farmed out to the Camden County Correctional Center;

6.    In fact, Chief Justice of the New Jersey Supreme Court has said, "The existing bail system is not fair to poor defendants who, because they cannot post bail, are cut off from families and may lose their jobs. In terms of the charges against them, studies have shown that they face tougher plea offers and pressure to plead guilty because of the amount of time they have already spent in jail, and they receive longer sentences as compared to similarly situated defendants who were able to make bail."

(2)

7.   A significant number of Plaintiffs also are detained in New Jersey's county correctional centers for charges that predate the implementation of the Criminal Justice Reform Act ("CJRA") which was implemented on January 1, 2017) and are awaiting trials;

8.   "[A] 2013 Report revealed that on a particular day in 2012, a total of 13,003 inmates were housed in 20 of New Jersey's 22 county jails."  Marie VanNostrand, Ph.D., Luminosity & the Drug Policy Alliance, New Jersey Jail Population Analysis 8 (Mar. 2013), https://university.pretrial.org/viewdocument/newjersey-jail-popu)[hereinafter, "VanNostrand Report"]; Holland v. Rosen, et al., 1:17cv-4317 (D.NJ September 21, 2017);

9.   About 9,500 inmates (or 73% of the sampled jail population) were confined because they were awaiting trial or sentencing in either Superior or Municipal Court. Id. at 11.2 Most importantly, more than 5,000 inmates (or 38.5% of the sampled jail population) were in custody simply because they could not afford bail. Holland at 6 (citing VanNostrand Report at 13);

10.  Pursuant to the "CJRA" if a defendant is held in dentation the following must occur:

a.   An indictment must be returned or unsealed within 90 days;

(3)

b.   A trial must start within 180 days after indictment;

c.   There is an overall limit of 2 years from detention to trial;

11.   Now, as a result of the "CJRA" criminal current cases are divided into two categories: Pre-CJRA cases and Post-CJRA cases;

12.   Defendant that have the benefit of being arrested after January 1, 2017 are given preferential treatment;

13.   Post-CJRA defendants are scheduled to trial before trials of Plaintiffs who have been detained longer;

14.   As New Jersey Superior Court is scheduling Post-CJRA cases with a priority over Pre-CJRA cases, Plaintiffs' trials are further delayed;

15.   The CJRA violates the Plaintiffs' protections under the Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution and New Jersey State Constitution. *U.S. Const. amend. XIV*; *N.J. Const. of 1947 art. I, para. 1*;

16.   The delay in Plaintiffs' trial created by the CJRA violates the Plaintiffs' right to a speedy trial pursuant to the Sixth Amendment of the United States Constitution and Article 1, ¶10 of the New Jersey State Constitution;

LAW OFFICE OF EDWARD HARRINGTON HEYBURN, ESQ., LLC

### JURISDICTION AND VENUE

17.   This action seeks declaratory and injunctive relief, damages, and other relief pursuant to 28 U.S.C. §§2201 and 2202 and 42 U.S.C. §§1983 and 1988;

18.   This Court has subject-matter jurisdiction over Plaintiffs' federal constitutional claims pursuant to 28 U.S.C. §§1331 and 1343(a)(3);

19.   Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

20.   There is an active, justiciable controversy between the parties over whether providing a priority to Post-CJRA cases, delaying the Plaintiffs trials violates the protections afforded by the Sixth and Fourteenth Amendments of the United States Constitution as well as the Equal Protection Clause of the New Jersey State Constitution. *U.S. Const. amend. XIV*; *N.J. Const. of 1947 art. I, para. 1;*

21.   Declaratory relief will resolve this controversy and eliminate the burden imposed on Plaintiffs' constitutional rights;

22.   A preliminary injunction preventing Defendants from enforcing the challenged statutory provisions will shield Plaintiffs' constitutional rights from ongoing harm while this litigation is pending.

23.   A permanent injunction against Defendants, preventing them from enforcing the challenged statutory provisions, will

LAW OFFICE OF EDWARD HARRINGTON HEYBURN, ESQ., LLC

protect Plaintiffs' rights prospectively after final resolution of this matter.

**PARTIES**

24.   Plaintiff Shaheed Brown is a citizen of New Jersey who resides in Trenton, New Jersey. Plaintiff was arrested August 12, 2014, and charged with first-degree murder, N.J.S.A. 2C:11-3;

25.   Plaintiff was tried twice, each time the case resulted in a hung jury;

26.   Defendant Gurbir Grewal is the Attorney General of New Jersey. Defendant Gurbir Grewalis responsible for enforcing New Jersey laws statewide, including the provisions of the CJRA challenged here. Defendant Gurbir Grewal is sued for declaratory and injunctive relief in his official capacity and for damages in his personal capacity;

27.   Defendant Hon. Glenn A. Grant, is the Acting Administrative Director of the Administrative Office of the Court for New Jersey. Judge Grant is responsible for issuing directives to Superior Court Judges deciding which cases must proceed over other cases pursuant to the CJRA;

28.   Hon. Peter E. Warshaw, is the Presiding Criminal Judge for Mercer County. Judge Warshaw has the authority to decide which cases must proceed over other cases pursuant to the CJRA;

## FACTUAL ALLEGATIONS

**A.    Historical and Constitutional Background for a Speedy Trial**

29.    A speedy trial is guaranteed the accused by the Sixth Amendment to the Constitution and Article 1, ¶10 of the New Jersey State Constitution;

30.    The right to a speedy trial is "fundamental" and is imposed by the Due Process Clause of the Fourteenth Amendment on the States. <u>Klopfer v. North Carolina</u>, 386 U. S. 213 (1967);

31.    Article 1, ¶10 of the New Jersey State Constitution provides, "In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury; to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor; and to have the assistance of counsel in his defense."

32.    "The right to a speedy trial is generically different from any of the other rights enshrined in the Constitution for the protection of the accused. In addition to the general concern that all accused persons be treated according to decent and fair procedures, there is a societal interest in providing a speedy trial which exists separate from, and at times in opposition to, the interests of the accused. The inability of courts to provide a prompt trial has contributed to a large backlog of cases in urban courts which, among other things,

enables defendants to negotiate more effectively for pleas of guilty to lesser offenses and otherwise manipulate the system." Klopfer at 519.

33.   The United States Supreme Court announced a four-part balancing test for determining whether a defendant's right to speedy trial has been violated. The four factors are (1) length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) prejudice to the defendant. Id. at 530;

**B.   Historical and Constitutional Background for the Equal Protection Clause**

34.   The Equal Protection Clause is located at the end of Section 1 of the Fourteenth Amendment and provides:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

Fourteenth Amendment of the United States Constitution.

35.   "While the *N.J. Const.* (1947), like its 1844 predecessor, has no specific equal protection clause analogous to that in the Fourteenth Amendment, our State Constitutions have been construed to provide analogous or superior protections to our citizens. In fact, Art. I, para. 1 has been the most

frequently referred to as the basis of [New Jersey's] Constitution's equal protection guarantees." <u>Peper v. Princeton University Board of Trustees</u>, 77 N.J. 55, 79 (1978).

36.   Article 1, ¶1 of the New Jersey State Constitution provides, "All persons are by nature free and independent, and have certain natural and unalienable rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing, and protecting property, and of pursuing and obtaining safety and happiness." It is referred to New Jersey's State Constitution's Equal Protection clause. *See* <u>Lewis v. Harris</u>, 188 N.J. 415 (2006).

**C.    The Challenged Law**

37.   In 2012, Governor Christie called for a state constitutional amendment to reverse New Jersey's historic practice and permit pre-trial detention of defendants deemed likely to commit future crimes;

38.   New Jersey's Chief Justice then established and chaired the Joint Committee on Criminal Justice, which included members from all three branches of state government. In March 2014, the committee produced a report recommending that the state authorize pre-trial detention based on a defendant's perceived dangerousness and that the state replace the traditional system of release on monetary bail with a new "risk-based instrument" that would "aid judges as they craft

( 9 )

conditions of release … like electronic monitoring, house arrest, and reporting." N.J. Judiciary, <u>Report of the Joint Committee on Criminal Justice</u> 2–3 (Mar. 10, 2014), available at http://bit.ly/2pyNFUV ("Joint Committee Report").

39.   Soon after publication of the Joint Committee Report, the New Jersey legislature passed (in a special session, through procedurally deficient mechanisms) and Governor Christie signed the CJRA, which dramatically changed the state's pretrial detention and release procedures, largely in keeping with the committee's recommendations. *See* P.L. 2014, c.31, §1 (codified at <u>N.J.S.A.</u> 2A:162–15 *et seq.*);

40.   The CJRA creates a five-stage, hierachical process for courts to follow in making pre-trial custody determinations for defendants charged with offenses through a complaint-warrant. N.J.S.A. 2A:162-16d(1); see State v. Robinson, No. 078900, 2017 WL 1908548, at *6 (N.J. May 10, 2017) (describing this "hierarchy");

41.   First, the court "shall order" the pre-trial release of the defendant on personal recognizance or execution of an unsecured appearance bond (in essence, a promise to appear) when the court finds that such a release would "reasonably assure the eligible defendant's appearance in court when required, the protection of the safety of any other person or the community,

and that the eligible defendant will not obstruct or attempt to obstruct the criminal justice process." <u>N.J.S.A.</u> 2A:162–17a;

42.   Second, if the court finds at stage one that release on personal recognizance or an unsecured appearance bond will not provide the requisite assurance, the court "may order" pre-trial release subject to the conditions that the defendant "not commit any offense during the period of release … avoid all contact with an alleged victim of the crime … [and] avoid all contact with" witnesses who may testify concerning the offense. N.J.S.A. 2A:162–17b(1);

43.   The court may then add "the least restrictive condition, or combination of conditions, that the court determines will reasonably assure the eligible defendant's appearance in court when required, the protection of the safety of any other person or the community, and that the eligible defendant will not obstruct or attempt to obstruct the criminal justice process." N.J.S.A. 2A:162–17b(2); *see* <u>Robinson</u>, 2017 WL 1908548 at *6. Those conditions "may include," inter alia:

- remaining "in the custody of a designated person";

- restrictions "on personal associations, place of abode, or travel";

- reporting "on a regular basis to a designated law enforcement" or other government agency;

- complying "with a specified curfew";

LAW OFFICE OF EDWARD HARRINGTON HEYBURN, ESQ., LLC

- refraining from possessing a firearm;

- undergoing medical or psychological treatment;

- returning "to custody for specified hours following release for employment, schooling, or other limited purposes";

- placement "in a pretrial home supervision capacity with or without the use of an approved electronic monitoring device," including at the defendant's

- expense; and

- "any other condition" necessary to provide the requisite assurances.

N.J.S.A. 2A:162-17b(2);

44. Third, if the court "does not find, after consideration" at stage two of all the conditions described above that release subject to any combination of these conditions "will reasonably assure the eligible defendant's appearance in court when required," the court then, *and only then*, "may order the pretrial release of the eligible defendant on monetary bail." N.J.S.A. 2A:162-17c(1). In other words, "[m]onetary bail may be set for an eligible defendant only when it is determined that no other conditions of release will reasonably assure the eligible defendant's appearance in court when required." N.J.S.A. 2A:162-15 (*emphasis added*);

45.   In addition, the court "may only impose monetary bail … to reasonably assure the eligible defendant's appearance." N.J.S.A. 2A:162-17c(1). "The court shall not impose the monetary bail to reasonably assure the protection of the safety of any other person or the community or that the eligible defendant will not obstruct or attempt to obstruct the criminal justice process, or for the purpose of preventing the release of the eligible defendant." Id.

46.   Fourth, if the court "does not find, after consideration" that either nonmonetary conditions alone (as assessed at stage two) or monetary bail alone (as assessed at stage three) will provide the requisite assurances, the court may order pre-trial release subject to a combination of non-monetary conditions and monetary bail. N.J.S.A. 2A:162-17d(1).

47.   In November 2014, New Jersey voters approved a constitutional amendment replacing the centuries-old guarantee that "[a]ll persons shall … be bailable by sufficient sureties," except in some capital cases, with a provision that "[p]retrial release may be denied to a person if the court finds that no amount of monetary bail, non-monetary conditions of pretrial release, or combination of monetary bail and non-monetary conditions would reasonably assure the person's appearance in court when required, or protect the safety of any other person or the community, or prevent the person from obstructing or

(13)

attempting to obstruct the criminal justice process." *N.J. Const. art. I, §11*;

48.  In sum, the CJRA "changed the landscape of the State's criminal justice system," replacing a system that guaranteed a monetary bail determination to all defendants except those in certain capital cases with a system that authorizes pretrial detention based on perceived dangerousness and imposition of severely restrictive conditions such as electronic monitoring and home detention without any opportunity to post monetary bail. Robinson, No. 078900, 2017 WL 1908548, at *4;

49.  Defendant Porrino has confirmed that the "Bail Reform Law is intended to end New Jersey's historical reliance on monetary bail." Christopher S. Porrino, Attorney General of New Jersey, Attorney General Law Enforcement Directive No. 2016-6, at 55 (Oct. 11, 2016), available at http://bit.ly/2pjHDeP;

**D. The Impact of the Challenged Law**

50.  New Jersey's new pre-trial release and detention procedures took effect January 1, 2017;

51.  The CJRA created a special class of detainees who by statute are entitled to preferential treatment when it comes to scheduling trial;

52.  The practical effect of giving post CJRA defendants preferential treatment with respect to trials is that Plaintiff Shaheed Brown and other plaintiffs will be incarcerated even

longer as their trials are delayed to accommodate the post CJRA defendants;

**E. The Challenged Law Applied to Plaintiff Shaheed Brown**

53.  Plaintiff, Shaheed Brown was charged with murder, possession of a weapon and possession of a weapon by a certain person on July 14, 2017;

54.  Shaheed Brown was arrested in August 2014, and charged with the murder of Enrico Smalley;

55.  The court set bail for Mr. Brown at $1,000,000 cash only predicated on the State's representation that it had an eye witness that identified Mr. Brown as the shooter in the murder of Enrico Smalley;

56.  The matter was tried before the Hon. Andrew Smithson in October of 2015 over the course of three (3) weeks;

57.  During the trial, there were no eye witnesses that identified Shaheed Brown as the shooter;

58.  The State did not produce a weapon;

59.  The State did not have a confession;

60.  The State did not have physical evidence linking Mr. Brown to the shooting;

61.  The State did not have any records suggesting Mr. Brown was involved in the shooting;

62.  In fact, the State only has a video that shows Mr. Brown talking with Mr. Smalley;

63.   The jury deliberated for several days and was unable to reach a verdict;

64.   As a result, Judge Smithson declared a mistrial as a result of a hung jury;

65.   Plaintiff, Shaheed Brown remained confined in the Mercer County Correctional Center;

66.   Judge Smithson refused to reduce Mr. Brown's bail;

67.   The matter was tried a second time before the Hon. Andrew Smithson in May of 2016 over the course of three (3) weeks;

68.   Again, during the trial, there were no eye witnesses that identified Shaheed Brown as the shooter;

69.   Again, the State did not produce a weapon;

70.   Again, the State did not have a confession;

71.   Again, the State did not have physical evidence linking Mr. Brown to the shooting;

72.   Again, the State did not have any records suggesting Mr. Brown was involved in the shooting;

73.   Again, the State only has a video that shows Mr. Brown talking with Mr. Smalley;

74.   The second jury deliberated for several days and was unable to reach a verdict;

75.   As a result, Judge Smithson declared a second mistrial as a result of a hung jury;

LAW OFFICE OF EDWARD HARRINGTON HEYBURN, ESQ., LLC

76.   Plaintiff, Shaheed Brown filed a Motion to Dismiss the indictments based on the fact that the two trials resulted in hung juries and the State is unlikely to convict Mr. Brown in a subsequent trial;

77.   On August 31, 2017, the Hon. Anthony Massi denied Mr. Brown's Motion;

78.   Plaintiff, Shaheed Brown remains confined in the Camden County Correctional Center with no trial date scheduled;

79.   In September 2017, Plaintiff, Shaheed Brown appeared before Judge Massi with the anticipation that a trial would be immediately scheduled;

80.   Judge Massi did not schedule trial and advised Mr. Brown that there is a directive that requires judges to take post-CJRA cases before his case;

81.   That directive is not on the Judiciary's website;

82.   The Mercer County Criminal Case Management's Office advises that this directive was issued by Defendant, Hon. Glenn A. Grant and was **NOT** for public distribution;

83.   Accordingly, Mercer County Criminal Case Management would not release the memo;

84.   Now, defendants arrested after January 1, 2017 are being tried before Plaintiffs who have been waiting in county jails for their trials;

(17)

85.   Defendant, Hon. Glenn A. Grant's confidential memo prevents Defendant, Hon. Peter Warshaw and other State court judges from scheduling trials for Plaintiff, Shaheed Brown and other similarly situated Plaintiffs consistent with their right to a Speedy Trial under both the United States and New Jersey Constitutions;

86.   Defendant, Hon. Glenn A. Grant's confidential memo also prevents Defendant, Hon. Peter Warshaw and other State court judges from scheduling trials for Plaintiff, Shaheed Brown and other similarly situated Plaintiffs Protection with their right to Equal under both the United States and New Jersey Constitutions;

## CLASS ACTION ALLEGATIONS

**A. General Class Action Allegations**

87.   Plaintiff, Shaheed Brown brings this action, on behalf of himself and all others similarly situated, for the purpose of asserting the claims alleged in this complaint on a common basis.

88.   A class action is a superior means, and the only practicable means, by which Plaintiff Brown and unknown class members can challenge New Jersey's unconstitutional law denying a Speedy Trial to Plaintiff, Shaheed Brown and similarly situated;

(18)

89.  This action is brought and may properly be maintained as a class action pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(2), and 23(b)(3).

90.  This action satisfies the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a), as well as the predominance and superiority requirements of Rule 23(b)(2) and (b)(3), where applicable;

91.  Plaintiff, Shaheed Brown proposes a class seeking declaratory and injunctive relief and a class seeking damages relief;

92.  The Declaratory and Injunctive Relief Class is defined as: All New Jersey criminal defendants who are or will be subject to delayed trials as a result of the CJRA and Defendant Grant's confidential directive;

93.  The Damages Class is defined as: All New Jersey criminal defendants who are or who were (but are no longer) subject to delayed trials as a result of the CJRA and Defendant Grant's confidential directive;

**B.   Rule 23(a)(1): Numerosity**

94.  The class is so numerous that joinder is impracticable. While the New Judiciary has focused on implementing the CJRA, it has excluded the number of defendants incarcerated and pending trial prior to January 1, 2017

(19)

95.    The most recent available data shows that, in the first three months of 2017, approximately 5,162 individuals were detained creating a special class of preferred defendants who are entitled to trials before Plaintiff, Shaheed Brown and other similarly situated Plaintiffs; Criminal Justice Reform Statistics at 2. https://www.judiciary.state.nj.us/courts/assets/criminal/cjrrepo rtaug.pdf;

96.    The vast majority of these individuals were and subjected to substantial delays in trial;

97.    The total number of individuals subjected to the challenged law—either in the past, currently, is likely numbered in the thousands;

**C.    Rule 23(a)(2): Commonality**

98.    Common questions of law or fact exist as to all members of the class;

99.    All class members seek relief on the common legal question whether New Jersey's law and Defendant, Hon. Glenn A. Grant's confidential directive violate their constitutional rights by denying them a Speedy Trial and denying them Equal Protection under both the United States and New Jersey's Constitutions;

100.  All class members also present a common factual question in that their trials were delayed because of the

preferential treatment given to post-CJRA defendants under New Jersey law and Hon. Glenn A. Grant's confidential directive;

101. All members of the declaratory and injunctive relief class seek relief on the common legal question whether a declaratory judgment and injunctive relief are appropriate relief for the asserted constitutional violation;

102. All members of the damages class seek relief on the common legal question whether damages are available for the asserted constitutional violation;

**D.   Rule 23(a)(3): Typicality**

103. Plaintiff, Shaheed Brown's claims are typical of the claims of other members of the class,

104. Like all members of the class, Plaintiff Brown's detention was and continues to be delayed because of the preferential treatment given to post-CJRA defendants under New Jersey law and Hon. Glenn A. Grant's confidential directive;

105. Like all members of the class, Plaintiff Brown claims that New Jersey law and Hon. Glenn A. Grant's confidential directive violates his constitutional rights;

106. Like all members of the declaratory and injunctive relief class, Plaintiff Brown seeks a declaratory judgment that the law is unconstitutional and an injunction preventing New Jersey from enforcing it;

(21)

107. Like all members of the damages class, Plaintiff Brown suffered compensable harm as a result of the delay in trial and seeks damages to remedy that harm;

108. There is nothing distinctive about Plaintiff Brown's claim for declaratory relief, injunctive relief, or damages that would lead to a different result in his case than in any case involving other class members;

**E.   Rule 23(a)(4): Adequacy**

109. Plaintiff Brown is an adequate representative of the class because his interest in the vindication of his constitutional rights is entirely aligned with the interests of the other class members, each of whom has the same constitutional claims;

110. Plaintiff Brown is a member of the class, and his interests do not conflict with those of the other class members with respect to any claims;

111. Plaintiff Brown is represented by attorney, Edward Harrington Heyburn, Esq. who has extensive experience litigating complex civil rights matters in federal court and detailed knowledge of New Jersey's law and other relevant issues;

112. Class counsel has undertaken a detailed investigation of New Jersey's policies, practices, and procedures as they relate to federal constitutional requirements;

(22)

113. Class counsel has developed and continues to develop relationships with Plaintiff Brown and others similarly situated. The interests of the members of the class will be fairly and adequately represented by Plaintiff Brown and his attorneys;

**F.   Rule 23(b)(2): Declaratory and Injunctive Relief Class**

114. A class action is appropriate for the declaratory and injunctive relief class under Rule 23(b)(2) because New Jersey and Defendant, Hon. Glenn A. Grant have acted on grounds that apply generally to the class—namely, giving post-CJRA defendants a speedy trial by denying Plaintiffs a speedy trial;

115. The class seeks declaratory and injunctive relief to enjoin enforcement of the unconstitutional provisions of the statute. That relief will necessarily apply to every member of the class and is thus appropriate respecting the class as a whole;

**G.   Rule 23(b)(3): Damages Class**

116. A class action is appropriate for the damages class under Rule 23(b)(3) because questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy;

117. The predominant question in the case is whether the provisions of the CJRA created a preferred class of defendants for a speedy trial by delaying Plaintiffs' trial is consistent with the Constitution. This question of law and the most important questions of fact—that the class members were denied a speedy trial because of New Jersey law and Hon. Glenn A. Grant's confidential directive. These questions predominate over any questions affecting only individual members, such as potential variations in damages;

118. A class action is a superior mechanism for fairly and efficiently adjudicating the controversy because individual damage claims are likely to be relatively small, which would severely limit any individual class member's ability to obtain relief (especially considering that many class members are unlikely to be able to retain attorneys to pursue their small civil claims);

119. A class action is also superior because litigating thousands of individual damages claims would be unnecessarily burdensome for the state and the courts and could produce unfair and inconsistent results;

120. Individual members of the damages class do not have a strong interest in controlling the prosecution of separate lawsuits. See Fed. R. Civ. P. 23(b)(3)(A). To the contrary, given the small claims at issue, they are unlikely to obtain any

(24)

relief at all without aggregation. And the class members'
interests are wholly aligned with Plaintiff Brown's. Finally,
class counsel is highly experienced and competent to represent
the members' individual and collective interests;

121. Class counsel is not aware of any other pending
litigation on the same issue. See Fed. R. Civ. P. 23(b)(3)(B);

122. It is desirable to concentrate this litigation in the
District of New Jersey because the lawsuit concerns the
constitutionality of a New Jersey law, all of the operative
events take place in New Jersey, and any relevant evidence is
likely to be found in New Jersey. See Fed. R. Civ. P.
23(b)(3)(C);

123. Class litigation would be manageable. The Class is not
so large as to be unwieldy, common questions predominate over
individual issues, the Class is geographically concentrated, and
aggregation will not present any difficulties related to notice.
See Fed. R. Civ. P. 23(b)(3)(D);

**COUNT ONE**

**VIOLATION OF RIGHT TO A SPEEDY TRIAL**

124. Plaintiffs hereby re-allege and incorporate by
reference the allegations in aforementioned paragraphs;

125. The Sixth Amendment of the United States Constitution
provides, "In all criminal prosecutions, the accused shall enjoy
the right to a **speedy** and public trial, by an impartial jury of

the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense." (*emphasis added*);

126. Article 1, ¶10 of the New Jersey State Constitution provides, "In all criminal prosecutions the accused shall have the right to a **speedy** and public trial by an impartial jury; to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor; and to have the assistance of counsel in his defense." (*emphasis added*);

127. The CJRA and Defendant Grant's confidential directive creates a preferential class of defendants whose cases will be tried first and by doing so, denied and continues to deny Plaintiff Brown and other similarly situated Plaintiffs right to a speedy trial;

128. Defendants' violation of Plaintiffs' Sixth Amendment rights and rights under Article 1, ¶10 of the New Jersey State Constitution has caused them substantial damages;

## COUNT TWO

### VIOLATION OF THE EQUAL PROTECTION CLAUSES

129. Plaintiffs hereby re-allege and incorporate by reference the allegations in aforementioned paragraphs;

130. The Fourteenth Amendment of the United States Constitution provides,

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

131. Article 1, ¶1 of the New Jersey State Constitution provides, "All persons are by nature free and independent, and have certain natural and unalienable rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing, and protecting property, and of pursuing and obtaining safety and happiness." It is referred to New Jersey's State Constitution's Equal Protection clause. *See* <u>Lewis v. Harris</u>, 188 N.J. 415 (2006);

132. The CJRA and Defendant Grant's confidential directive creates a preferential class of defendants whose cases will be tried first and by doing so, denied and continues to deny Plaintiff Brown and other similarly situated Plaintiffs right to equal protection under the law;

(27)

133. Defendants' violation of Plaintiffs' Fourteenth Amendment rights and rights under Article 1, ¶1 of the New Jersey State Constitution has caused them substantial damages;

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request that this Court:

A.   Enter judgment in their favor;

B.   Certify a class as described above, pursuant to Plaintiff Brown's forthcoming class certification motion;

C.   Declare that the CJRA and Defendant Grant's confidential directive violate the Sixth Amendment and New Jersey State Constitution right of Plaintiff Brown and other presumptively innocent criminal defendants to a speedy trial;

D.   Declare that the CJRA and Defendant Grant's confidential directive violate the procedural and substantive due process rights of Plaintiff Brown and other presumptively innocent criminal defendants by creating a preferential class of defendants whose cases are given preferential treatment to the detriment of Plaintiffs;

E.   Declare that the CJRA violates the Fourteenth Amendment and New Jersey State Constitutional rights of Plaintiff Brown and other presumptively innocent criminal by denying them equal protection under the law;

F.   Enter a preliminary injunction preventing Defendants and their agents from enforcing the provisions of the CJRA and

(28)

Judge Grant's confidential directive that allow them to delay Plaintiff Brown and other similarly situated Plaintiffs by giving post-CJRA defendant preferential treatment in scheduling trials;

G.   Enter a permanent injunction preventing Defendants and their agents from enforcing the provisions of the CJRA and Judge Grant's confidential directive that allow them to delay Plaintiff Brown and other similarly situated Plaintiffs by giving post-CJRA defendant preferential treatment in scheduling trials;

H.   Award Plaintiffs damages to compensate for the injuries they have suffered as a result of Defendants' unconstitutional conduct;

I.   Award Plaintiffs the costs of their suit, including attorney fees and costs, pursuant to 42 U.S.C. §1988;

J.   Grant any other and further relief that the Court deems just and proper;

Respectfully submitted,

*Edward Harrington Heyburn*
_____
Edward Harrington Heyburn, Esq.
Attorney ID: 024161997
7 Poplar Run
East Windsor, New Jersey 08520
Tel. (609) 240-5578
Attorney for Plaintiff,
Shaheed Brown

Dated: March 29, 2018

(29)

LAW OFFICE OF EDWARD HARRINGTON HEYBURN, ESQ., LLC
